FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 16 2011

JAMES R. LARSEN, CLERK
_____ DEPUTY
RICHLAND, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

ED AGUILAR, an Individual,

Plaintiff,

vs.

MISSION SUPPORT ALLIANCE, LLC, HANFORD ATOMIC METAL TRADES COUNCIL, and CARPENTER, MILLWRIGHT LOCAL UNION 2403,

Defendants.

CASE No. **CV-11-5123-EFS**

**COMPLAINT FOR DISCRIMINATION**

COMES NOW Plaintiff, ED AGUILAR, for claims against Defendants MISSIONS SUPPORT ALLIANCE, LLC, HANFORD ATOMIC METAL TRADES COUNCIL, and CARPENTER, MILLWRIGHT LOCAL UNION 2403, to allege and aver as follows:

### I. PARTIES AND JURISDICTION

1.1 ED AGUILAR, (AGUILAR), Plaintiff, whose national origin is Hispanic, is a resident of Kennewick, Benton County, Washington, having been so at all times relevant to this complaint.

COMPLAINT - 1

Ed Aguilar
4009 S. Jean Street
Kennewick, WA 99337

1.2  MISSIONS SUPPORT ALLIANCE, LLC (MSA) is an active Washington corporation with its principal place of business located in Richland, Benton County, Washington. Among other projects, MSA has a contract with the United States Department of Energy to perform certain services at the Hanford nuclear reservation site in Benton County, Washington. All acts of MSA alleged in this complaint were performed within Benton County, State of Washington by managers, supervisors, or agents of MSA acting within the scope of valid agency or employment relationships for the benefit of MSA.

1.3  HANFORD ATOMIC METAL TRADES COUNCIL, (HAMTC), located in Richland, Washington, is a union council composed of constituent labor organizations whose members are employed by various employers in and around the Richland, Benton County, Washington area. At all times material to this complaint, plaintiff was a member of HAMTC.

1.4 Carpenter and Millwright Local Union 2403 (Local 2403) is a labor organization that admits employees into membership and exists for the purpose of collective bargaining on behalf of its members with employers. Its principal place of business is Richland, Benton County, Washington.

1.5 This court has jurisdiction over this matter pursuant to 29 U.S.C. § 206(d), 42 U.S.C. 2000e *et. seq.*, (Title VII of the Civil Rights Act of 1964 as amended.)

1.6 Plaintiff commenced this action within 90 of the issuance by the Equal Employment Opportunity Commission (EEOC) of a Notice of Right to Sue in EEOC cases 846-2011-11312 (MSA), 551-2011-00331 (HAMTC), and 551-2011-00329 (Local 2403).

1.7 Venue is proper in the Eastern District of Washington, Richland, as the plaintiff and the three defendants perform services in and have substantial contacts and presence within the Eastern District of Washington, Richland.

COMPLAINT - 2

Ed Aguilar
4009 S. Jean Street
Kennewick, WA 99337

## II. FACTUAL ALLEGATIONS

Plaintiff re-alleges paragraphs 1.1 through 1.7 as though fully set forth herein.

2.1 Aguilar is a journeyman millwright and, since about 1981, has been employed by CH2M Hill Plateau Remediation Co., federal contractor located on what is known as the Hanford nuclear reservation in Benton County, Washington.

2.2 Aguilar is a member in good standing of Local 2403 and HAMTC, having been so since about 1981.

2.3 CH2Mhill and MSA are signatories to a collective bargaining agreement (CBA) with HAMTC and Local 2403.

2.4 The applicable collective bargaining agreements covering the events raised in this complaint contain an Article XXIV, the "Labor Assets Management Program" (LAMP), which governs the process by which employees from one contractor at the Hanford nuclear site may transfer to another contractor at the site.

2.5 On about May 12, 2010, MSA awarded Aguilar a transfer from his current employer, CH2M Hill, to MSA under the LAMP program.

2.6 In accordance with the provisions of Article XXIV of the CBA, MSA should have transferred Aguilar to MSA within 30 days of its May 12, 2010, award.

2.7 To date, MSA has not transferred Aguilar.

2.8 Within a few weeks of the May 12, 2010, award, MSA asked Aguilar to sign a release for the purpose of obtaining Aguilar's full personnel records from CH2M Hill.

2.9 There is no provision under the LAMP that requires awarded employees to release his or her personnel records to the awarding contractor.

2.10 MSA does not require non-Hispanic LAMP awardees to sign a release of his or her personnel records kept by their current employer for delivery to MSA.

COMPLAINT - 3

Ed Aguilar
4009 S. Jean Street
Kennewick, WA 99337

2.11   MSA routinely transfers non-Hispanic LAMP awardees to MSA within the 30 days specified in the LAMP program with less scrutiny than it imposed upon Aguilar.

2.12   At all times material to this complaint, HAMTC has refused to assist Aguilar, through the grievance process or otherwise, with the selective and discriminatory MSA waiver requirement imposed by MSA on Aguilar as described in paragraphs 2.8 through 2.10 above.

2.13   At all times material to this complaint, Local 2403 insisted that Aguilar sign the MSA release even though there is no provision under the LAMP that calls for LAMP awardees to sign such a release.

2.14   Local 2403 does not insist that non-Hispanic members LAMP awardees comply with the demand for a release of all personnel records as a condition of a LAMP transfer.

### III. CLAIMS AND CAUSES OF ACTION AGAINST DEFENDANTS

3.1   Plaintiff re-alleges paragraphs 1.1 through 2.14 as though fully set forth herein.

3.2   The Defendants' conduct described about in paragraphs 2.2 through 2.14 constitutes employment discrimination under Title VII of the Civil Rights Act as amended in that:

   (1) Plaintiff is a member of a protected class. His national origin is Hispanic, a fact well known to defendants.

   (2) Plaintiff was harmed by the conduct of each of the defendants when:

      (i) MSA refused to honor his LAMP award and transfer him to his awarded position at MSA;

      (ii) MSA required as a condition of transfer, after the award, that he sign a release for all of his personnel records;

COMPLAINT - 4

Ed Aguilar
4009 S. Jean Street
Kennewick, WA 99337

(iii) HAMTC, acting in effect as a conduit for MSA, refused to assist him or grieve the issue of MSA demanding that he sign a post-award release, thereby assuring that he would not be given his LAMP awarded position at MSA;

(iv) Local 2403, acting in effect as a conduit for MSA, insisted that he sign the release in question notwithstanding that there is no provision in the CBA or the LAMP program that awardees sign such a release, an insistence that caused, in part, the failure of MSA to transfer plaintiff.

(3) Similarly situated non-Hispanic LAMP awardees are treated differently by the defendants, specifically MSA routinely transfers non-Hispanic awardees to their LAMP positions within 30 days of the LAMP award and it does not require that non-Hispanic awardees sign the release in question after a LAMP award. Further, as to HAMTC and Local 2403, similarly situated non-Hispanic employees/members have not been subject to demands by HAMTC and Local 2403 that they accept unilaterally imposed requirements by employers that are not authorized under the CBA.

3.3 As a direct and proximate result of defendants' actions and failures to act, plaintiff suffered damages in an amount to be proven at the time of trial.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ed Aguilar, having asserted claims for relief, now prays for judgment to be entered against all defendants as follows:

1. Award actual, special, compensatory, and punitive damages to plaintiff, including as authorized by statute and case law;

COMPLAINT - 5

Ed Aguilar
4009 S. Jean Street
Kennewick, WA 99337

2. Award all attorneys fees, pre-judgment and post-judgment interest, and all reasonable costs to the plaintiff as provided by statute and case law;

3. For such other and further relief as the court deems appropriate, including emotional distress damages resulting from plaintiff having to suffer employment discrimination because of his national origin, including, but not limited to, humiliation, embarrassment, fear, anxiety, and personal indignity.

4. That these pleadings be deemed to conform to evidence presented at trial; and

5. Plaintiff reserves the right to amend as additional facts are discovered.

Dated this 16th day of August, 2011.


Respectfully submitted,

*Ed Aguilar*
Ed Aguilar
4009 South Jean Street
Kennewick, WA 99337

COMPLAINT - 6

Ed Aguilar
4009 S. Jean Street
Kennewick, WA 99337