UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ED AGUILAR, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MISSION SUPPORT ALLIANCE, LLC; HANFORD ATOMIC METAL TRADES COUNCIL; and CARPENTER, MILLWRIGHT LOCAL UNION 2403,<br><br>　　　　Defendants. | NO. CV-11-5123-EFS<br><br>**ORDER DENYING AS MOOT IN PART AND DENYING IN PART MSA'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(4) and 12(b)(5)** |

Before the Court, without oral argument, is Defendant Mission Support Alliance, LLC's (MSA) Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5), ECF No. 4.[1] MSA contends the summons, ECF No. 6 Ex. 1, served on its registered agent is insufficient because it fails to include 1) the names of all the parties, 2) Mr. Aguilar's address, and 3) the court seal. And because the 120-day

---

[1] Following MSA's filing of the motion, Mr. Aguilar filed proof of service on MSA's registered agent, ECF No. 12, thereby mooting MSA's Federal Rule of Civil Procedure 12(b)(5) arguments. Accordingly, this portion of MSA's motion is denied as moot, and the Court's analysis focuses solely on MSA's insufficient process arguments under Rule 12(b)(4).

ORDER ~ 1

service period under Federal Rule of Civil Procedure 4(m) has passed, MSA seeks dismissal of all claims against it with prejudice. Plaintiff Ed Aguilar opposes dismissal, contending that he relied on the hired process server to properly serve MSA. Alternatively, Mr. Aguilar seeks leave to serve MSA with an amended summons. After reviewing the submitted material and relevant authority, the Court is fully informed. For the reasons provided, the Court denies as moot in part and denies in part MSA's dismissal motion.

**A.   Background**

On August 16, 2011, Mr. Aguilar filed this Complaint pro se. ECF No. 1. On December 13, 2011, MSA's registered agent Caroline Little was served with a copy of the complaint by a process server hired by Mr. Aguilar. ECF No. 6 Ex. 1. On December 30, 2011, MSA filed the instant motion to dismiss. ECF No. 4. Then on January 6, 2012, proof of service on MSA's agent was filed. ECF No. 12.

On January 9, 2012, George Guinn appeared on Mr. Aguilar's behalf, ECF No. 13; however, on January 27, 2012, Mr. Guinn sought leave to withdraw due to a conflict of interest, ECF No. 15; this request was granted on January 29, 2012. ECF No. 25. Before Mr. Guinn withdrew, he assisted Mr. Aguilar with filing a response to the instant dismissal motion.[2]  ECF No. 20. The motion is now fully briefed.

---

[2] MSA highlights that Mr. Aguilar's response was filed late. Given the uncertainty as to whether Mr. Aguilar would continue to be represented by Mr. Guinn, the Court finds good cause to accept his February 2, 2012 response.

ORDER * 2

**B.   Authority and Analysis**

Federal Rule of Civil Procedure 4 governs service. Rule 4(a) requires a summons to include the following: the court's name, the parties' names, a pro se plaintiff's address, the time within which the defendant must appear and defend, a caution that a failure to appear may result in a default judgment against the defendant, the court clerk's signature, and the court seal. Fed. R. Civ. P. 4(a)(1)(A)-(G). The plaintiff obtains the court clerk's signature and court's seal on the summons by presenting the summons to the clerk. *Id.* at 4(b).

Here, the summons served on MSA's service agent is deficient. It does comply with the following Rule 4(a)(1)-content requirements: the court's name, plaintiff's name, directed to the defendant, the consequences of failing to respond to the complaint, the deadline to respond to the complaint, and the court clerk's signature. *Id.* at 4(a)(1)(A), (B), & (D)-(F). However, the summons fails to include all of the parties' names and plaintiff's address. *Id.* at 4(a)(1)(A) & (C). The filed copy of the summons also does not contain the Court's seal; however, the Court's seal is an impression-only seal and it therefore does not appear on copies. The Court can only surmise that Mr. Aguilar provided the process server with a copy of the issued summons.

Because of the summons' failure to list Mr. Aguilar's address and each of the defendants' names, service on MSA was deficient. Accordingly, MSA was not properly served. Rule 4(m) dictates that "if a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the complaint without prejudice . . . or order that service be made within a specified time." *Id.* at 4(m). "But

if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* On a showing of good cause, the court must extend the time period, but if there is no good cause shown, the court still has discretion to either dismiss the matter without prejudice or extend the time period. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). The Ninth Circuit finds good cause to be shown when a plaintiff demonstrates that "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

The Court finds good cause exists to extend the time period for service. The deficient summons was served on MSA on the eve of the expiration of Rule 4(m)'s 120-day period: the pro se complaint was filed on August 16, 2011, and the summons was served on MSA on December 12, 2011. Accordingly, MSA was notified of the lawsuit within the 120-day period. Although MSA claims prejudice if the Court extends the service period, MSA presented no evidence of actual prejudice. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) ("[M]erely being forced to litigate on the merits cannot be considered prejudicial."). In fact, the scheduling conference is set for June 19, 2012; therefore, MSA has not missed out on discovery or other trial preparation. In comparison, Mr. Aguilar will be prejudiced if MSA is dismissed. Mr. Aguilar would be required to either 1) file a separate lawsuit against MSA and then seek to have that lawsuit combined with this lawsuit, or 2) file a new lawsuit and re-serve all Defendants. Either

of these options will cause Mr. Aguilar to expend time and financial resources. After weighing the equities the Court may consider under Rule 4(m) and considering that the Court has the discretion under Rule 4(a)(2) to allow a summons to be amended, the Court elects to extend Mr. Aguilar's time period for serving MSA to April 30, 2012. If Mr. Aguilar fails to properly serve MSA by this date, MSA is free to file another motion to dismiss for insufficient process. Mr. Aguilar is advised that it is his responsibility to provide the process server with a summons that satisfies Rule 4(a)(1)'s requirements. Accordingly, **IT IS HEREBY ORDERED**:

1. MSA's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5), ECF No. 4, is **DENIED AS MOOT IN PART** (Rule 12(b)(4)) **and DENIED IN PART** (Rule 12(b)(5)).

2. **No later than April 30, 2012**, Mr. Aguilar shall serve MSA in compliance with Rule 4.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to Plaintiff and counsel.

**DATED** this 16TH day of March 2012.

```
                    s/Edward F. Shea
                    EDWARD F. SHEA
              United States District Judge
```

Q:\Civil\2011\5123.dsim.serve.lc1.wpd

ORDER * 5