UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ED AGUILAR,<br><br>                    Plaintiff,<br><br>     v.<br><br>MISSION SUPPORT ALLIANCE, LLC;<br>HANFORD ATOMIC METAL TRADES<br>COUNCIL; CARPENTER MILLWRIGHT<br>LOCAL UNION 2403,<br><br>                    Defendants. | No.  CV-11-5123-EFS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AS TO ORDER AND DENIAL TO APPOINT ATTORNEY FOR PLAINTIFF, AND GRANTING IN PART AND DENYING WITH LEAVE TO RENEW IN PART DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES FROM PLAINTIFF** |

Before the Court, without oral argument, are Defendant Mission Support Alliance, LLC's (MSA) Motion to Compel Discovery Responses from Plaintiff, ECF No. 62, and Plaintiff Ed Aguilar's Motion for Reconsideration as to Order and Deniel [Sic] to Appoint Attorney for Plaintiff, ECF No. 68.  After reviewing the record and relevant authority, the Court is fully informed.  For the reasons that follow, the Court denies Mr. Aguilar's motion and grants in part and denies in part with leave to renew MSA's motion.

**A.   Mr. Aguilar's Motion to Reconsider**

For the third time in approximately two months, Mr. Aguilar asks the Court to appoint counsel for him.  *See* ECF Nos. 57, 60, & 68.  In his June 29, 2013 declaration, Mr. Aguilar states that "from the

ORDER - 1

initial inception of the case" he has "had an array of attorneys." ECF No. 69 at 2. He lists seven attorneys to whom he has apparently paid money. Mr. Aguilar then lists approximately thirty other attorneys or law firms whom he has apparently contacted in hopes that they would represent him in this matter.

The Court does not underestimate the difficulty that Mr. Aguilar has experienced with trying to obtain new counsel to represent him in this matter. However, in order to assess whether the Court should appoint counsel, the Court must consider not only the litigant's difficulties in finding counsel who is willing to represent him but also whether the litigant has the capability to represent himself, the complexity of the legal issues involved, and the likelihood of the litigant's success on the merits. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). The Court has previously weighed these factors, and the Court does so again. The Court abides by its decision to deny the appointment of counsel. Mr. Aguilar states the "case contends [sic], many aspects, of the law which are complex for a lay person and even a skilled attorney." ECF No. 68 at 2. Yet, Mr. Aguilar does not identify the complex issues and does not identify a basis that shows he is likely to succeed on the merits of his claims. Additionally, Mr. Aguilar does not identify why he is unable to proceed pro se during the pretrial discovery phase. The Court is unaware of any aspects of this litigation that are so complex as to constitute "exceptional circumstances" warranting the appointment of counsel. Under the circumstances, the Court denies Mr. Aguilar's motion to reconsider. Mr. Aguilar may renew his motion for

ORDER - 2

appointment of counsel if this matter proceeds to trial following the resolution of summary judgment motions, if any.

**B.   MSA's Motion to Compel Discovery Responses**

MSA asks the Court to 1) compel Mr. Aguilar to fully respond to MSA's First Set of Interrogatories and Requests for Production of Documents and MSA's Second Set of Interrogatories and Requests for Production of Documents within fourteen days of the Court's Order, 2) require Mr. Aguilar to pay MSA's reasonable attorney's fees and costs incurred to file its motion, and 3) extend MSA's expert-witness-disclosure deadline because Mr. Aguilar's failure to provide discovery has hindered MSA's ability to determine what experts, if any, are needed.  If Mr. Aguilar fails to fully respond to the discovery requests within fourteen days of this Court's Order, MSA asks the Court to dismiss Mr. Aguilar's claims for failure to comply with the Court's Orders and discovery rules.

Mr. Aguilar did not file an opposition to this motion.  Pursuant to Local Rule 7.1(d), the failure to file a timely opposition "may be deemed consent to the entry of an Order adverse to th[at] party."  LR 7.1(d).  Because Mr. Aguilar has been actively seeking appointment of counsel, the Court will not deem Mr. Aguilar's failure to file an opposition to this motion as consent to entry of an adverse order. The Court will consider the merits of MSA's motion, and in this process, the Court considers the record, including the materials filed by Mr. Aguilar since February 2013 (when his most recent counsel was granted leave to withdraw).

///

ORDER - 3

First, the Court finds MSA's discovery requests seek relevant information. Second, the Court finds the discovery requsts are not burdensome or oppressive. Third, Mr. Aguilar has had sufficient time to answer these discovery requests. Mr. Aguilar's former counsel responded to a significant portion of MSA's First Set of Interrogatories and Requests for Production of Documents. Then, at the February 28, 2013 hearing, the Court extended Mr. Aguilar's deadline to fully answer both sets of discovery to April 29, 2013. ECF No. 53 at 3. Possibly, Mr. Aguilar did not respond to these discovery requests because he was seeking appointment of counsel. However, Mr. Aguilar must proactively seek relief from discovery deadlines, including the April 29, 2013 discovery-response deadline, if he desires such relief. Mr. Aguilar must abide by all deadlines and answer the outstanding discovery. Accordingly, MSA's motion is granted in this regard.

The Court grants Mr. Aguilar an additional twenty-one days to fully respond to these discovery requests. Mr. Aguilar is cautioned that failure to respond to these discovery requests within twenty-one days of this Order, or to file a motion seeking relief from this deadline which is supported by good cause shown, may be a basis for MSA to seek dismissal of this lawsuit and/or request the payment of reasonable attorney's fees incurred in bringing this motion to compel and any subsequent related motion.

Given Mr. Aguilar's continued efforts at seeking appointment of counsel, the Court declines to award MSA its attorney's fees and costs at this time. However, if Mr. Aguilar fails to fully respond to these

discovery requests within twenty-one days of this Order, MSA may file a motion seeking an award of the attorney's fees and costs it incurred in filing this motion as well as any future related motion.  Any motion for attorney's fees and costs must be appropriately supported by documentation 1) identifying the reasonably incurred hours and tasks, and 2) affidavits from at least two other attorneys regarding the prevailing market rate in the Eastern District of Washington for similar work performed by attorneys of comparable skill, experience, and reputation.  *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979-80 (9th Cir. 2008).

Because MSA has not received Mr. Aguilar's complete answers to its discovery requests, the Court extends MSA's expert-witness-disclosure deadline to **August 26, 2013**.  MSA's expert disclosures must abide by the requirements set forth in the Court's prior scheduling order, ECF No. 38.

Accordingly, the Court grants MSA's motion in part:  1) Mr. Aguilar is to fully respond to MSA's First Set of Interrogatories and Requests for Production of Documents and MSA's Second Set of Interrogatories and Requests for Production of Documents within twenty-one days of this Order; and 2) MSA's expert-witness-disclosure deadline is extended.  MSA's motion is denied with leave to renew as to its remaining requests.

///

///

//

/

ORDER - 5

**C.   Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**:

1. Mr. Aguilar's Motion for Reconsideration as to Order and Deniel [Sic] to Appoint Attorney for Plaintiff, **ECF No. 68**, is **DENIED**.

2. MSA's Motion to Compel Discovery Responses from Plaintiff, **ECF No. 62**, is **GRANTED IN PART** (Mr. Aguilar must fully answer the discovery requests within twenty-one days of this Order; MSA's expert-witness-disclosure deadline is extended to August 26, 2013) **AND DENIED IN PART WITH LEAVE TO RENEW** (remainder).

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Mr. Aguilar and counsel.

**DATED** this 3rd day of July 2013.

s/Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge
