UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ED AGUILAR,<br><br>                    Plaintiff,<br><br>          v.<br><br>MISSION SUPPORT ALLIANCE, LLC;<br>HANFORD ATOMIC METAL TRADES<br>COUNCIL; CARPENTER MILLWRIGHT<br>LOCAL UNION 2403,<br><br>                    Defendants. | No.  CV-11-5123-EFS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT MISSION SUPPORT ALLIANCE LLC'S MOTION, AND SUPPLEMENTAL MOTION, TO DISMISS COMPLAINT AND FOR ATTORNEYS FEES AND COSTS** |

Before the Court, without oral argument, are Defendant Mission Support Alliance, LLC's (MSA) Motion and Supplemental Motion to Dismiss Complaint and for Attorney's Fees and Costs, ECF Nos. 80 & 114.  MSA asks the Court to dismiss this lawsuit, and award it its attorney's fees and costs for the identified tasks, because pro se Plaintiff Ed Aguilar did not fully respond to MSA's first written discovery requests and second discovery requests by September 20, 2013, as ordered by the Court in its August 26, 2013 Order, ECF No. 109.  Mr. Aguilar did not file a response by the October 2, 2013 deadline.  Mr. Aguilar's response was filed on October 9, 2013.  ECF No. 117.  In his response, Mr. Aguilar 1) requests oral argument so the Court can review his discovery answers, 2) contends he has not refused to produce his medical records that are in his possession, and

ORDER - 1

1  3) advises that he will provide Defendants with his medical records
2  once his providers produce such per his submitted requests.
3      After reviewing the record and relevant authority, the Court is
4  fully informed. For the reasons set forth below, the Court grants in
5  part and denies in part MSA's motion: this lawsuit is not dismissed
6  but Mr. Aguilar's damage requests are limited given his discovery
7  provided by September 20, 2013.

**A.   Background[1]**

9      MSA has sought discovery from Mr. Aguilar since November 2012,
10 and a series of discovery-related motions have been heard by the
11 Court. Most recently, on August 13, 2013, the Court held a hearing to
12 address discovery-related motions. The Court 1) ordered Mr. Aguilar
13 to sit for his then-upcoming deposition, 2) limited MSA's requests for
14 production to its first thirty requests, 3) found Mr. Aguilar's
15 answers to the first and second set of discovery requests
16 substantively insufficient and ordered him to supplement his answers
17 to the interrogatories and requests for admission by no later than
18 September 20, 2013, 4) ordered Mr. Aguilar to organize any documents
19 that he produces so that they can be meaningfully reviewed by
20 Defendants, and 5) cautioned Mr. Aguilar that September 20, 2013, was
21 the final extension to be provided to him to respond to these
22 outstanding written discovery requests and that a failure to abide by
23 this deadline could result in the Court dismissing this lawsuit. ECF

---

[1] The Court has set forth the background in this case in prior Orders, *see e.g.,* ECF No. 109. Therefore, this background section is limited.

ORDER - 2

No. 109. Also on August 13, 2013, the parties entered into an agreed protective order. ECF No. 100. The Court took MSA's Motion to Dismiss and for Attorney's Fees under advisement to permit Mr. Aguilar additional time to respond to the discovery requests and to sit for his deposition prior to the Court ruling on MSA's motion. The Court also permitted MSA to supplement its motion, following the extended discovery period. MSA so supplemented its motion. ECF No. 114.

**B.   Standard**

A party has the right to discover "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). If a party fails to completely answer interrogatories or a discovery order, the Court may:

    (i)   direct[] that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
    (ii)  prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
    (iii) strik[e] pleadings in whole or in part;
    (iv)  stay[] further pleadings until the order is obeyed;
    (v)   dismiss[] the action or proceeding in whole or in part;
    (vi)  render[] a default judgment against the disobedient party; or
    (vii) treat[] as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A); *see also id.* at 37(d)(3). Under Rule 41(b), the Court may also dismiss a lawsuit if the plaintiff fails to comply with the Federal Rules of Evidence or a court order. Dismissal is a harsh penalty that is imposed only in extreme circumstances and after warning to the plaintiff that dismissal is imminent. *Johnson v. U.S. Dep't of Treasury*, 939 F.3d 820, 825 (9th Cir. 1991).

ORDER ~ 3

**C.   Analysis**

It is clear that Mr. Aguilar's responses to MSA's discovery requests have been delinquent and in large measure deficient. However, Mr. Aguilar sat for his deposition and provided some response to MSA's discovery requests. Accordingly, the Court declines to impose the harsh sanction of dismissal for his discovery-related failures. Yet, pointed sanctions are appropriate.

First, Mr. Aguilar failed to timely respond to MSA's discovery requests pertaining to his alleged physical and emotional distress claims. During his deposition, Mr. Aguilar did discuss that he suffered from ulcers, anxiety, and sleep troubles as a result of MSA's alleged conduct. Aguilar Dep., ECF No. 115, Ex. 1 at 155-175. However, notwithstanding MSA's continued request for Mr. Aguilar to provide his medical documentation by the Court-extended-discovery deadline of September 20, 2013, the Court understands that Mr. Aguilar has not done so. In his late October 9, 2013 responsive brief, Mr. Aguilar seeks leave to have an in-person hearing so that the Court can review his discovery responses. The Court declines to grant this request. Mr. Aguilar's request is two-weeks after the September 20, 2013-disclosure deadline, and Mr. Aguilar could have attached relevant discovery material to his responsive brief. Given Mr. Aguilar's pattern of failing to abide by deadlines, the Court declines to hold an in-person hearing on these dismissal motions.

The Court determines the most appropriate sanction under the circumstances is to limit Mr. Aguilar's presentation of his case to the documents and information that he has provided Defendants thus

ORDER - 4

far. Accordingly, because Mr. Aguilar did not provide by the September 20, 2013-deadline medical documentation to support objective symptomatology resulting from Defendants' alleged conduct, Mr. Aguilar's emotional distress damages claim is limited to "garden variety" emotional distress damages. Mr. Aguilar may not testify or argue that he suffered from diagnosable medical conditions as a result of Defendants' conduct because he failed to produce medical documentation to support such conditions, notwithstanding the Court's extension of the disclosure deadline. Mr. Aguilar may testify regarding how Defendants' conduct made him feel, and the jury can then assess Mr. Aguilar's "garden variety" emotional distress and determine what amount of damages to award. *See Biggs v. Vill. of Dupo.*, 892 F.2d 1298, 1304 (requiring a plaintiff to "reasonably and sufficiently explain the circumstances of his [emotional-damages] injury and not resort to mere conclusory statements" (quoting cites omitted)); *Olsen v. Cnty. of Nassau*, 615 F. Supp. 2d 35 (E.D.N.Y. 2009) (discussing emotional-distress awards and recognizing that garden-variety emotional distress claims are generally only supported by the plaintiff's testimony).

Second, Mr. Aguilar elected not to provide MSA with copies of the requested tax returns. Although Mr. Aguilar agreed to provide MSA with copies of his W-2s, Defendants are limited in their ability to challenge Mr. Aguilar's wage loss claim without tax returns. For instance, Mr. Aguilar may have obtained part-time employment or supplemented his income that mitigated his wage loss claim. Because

ORDER - 5

Mr. Aguilar failed to provide his tax returns, the Court prohibits Mr. Aguilar from alleging a wage loss claim.

Finally, the Court declines to award MSA its attorney's fees at this time given these imposed discovery sanctions.  Also, Mr. Aguilar sat for his deposition and supplemented his discovery responses to a certain extent by the September 20, 2013 deadline.  Therefore, the Court declines to award MSA's its attorney's fees at this time.

**D.   Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**:  MSA's Motion to Dismiss, **ECF No. 80**, and Supplemental Motion to Dismiss, **ECF NO. 114**, are **GRANTED IN PART** (evidentiary sanctions are imposed against Mr. Aguilar) **and DENIED IN PART** (the lawsuit will not be dismissed at this time, and attorney's fees and costs are not awarded to MSA at this time).

IT IS SO ORDERED.  The Clerk's Office is directed to enter this Order and provide copies to Mr. Aguilar and counsel.

DATED this 16th  day of October 2013.

s/ Edward F. Shea<br>
EDWARD F. SHEA<br>
Senior United States District Judge

Q:\EFS\Civil\2011\5123.oct.restrict.attyfees.lc1.docx

ORDER - 6